**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

HVN CLOTHING, INC. *and*
HARLEY VIERA-NEWTON,

     Plaintiffs,

        - v -

SHEIN DISTRIBUTION CORP.,

     Defendant.

No. 21 CV 8852

**COMPLAINT**

Jury Demand

1.      Defendant Shein Distribution Corp. ("Shein") illegally imports and sells counterfeit apparel in violation of Plaintiffs' rights under the Lanham Act, the Copyright Act, and state unfair competition laws. Plaintiffs seek an immediate injunction; damages; and other appropriate relief.

2.      Plaintiffs are renowned American fashion designer Harley Viera-Newton and her apparel company, HVN Clothing, Inc. HVN's premium fashions — sold under the registered trademark HVN, (the "HVN Mark") — are worn by tastemakers and celebrities.

3.      Defendant Shein is a U.S. subsidiary of a billion-dollar Chinese conglomerate that sells low-end "fast fashion" by stealing and counterfeiting others' designs.[1] Shein floods the market with cheap clothes made by sweatshop laborers.[2]

4.      As described below, Shein imported and sold tens of thousands of counterfeit HVN swimsuits and apparel bearing Plaintiffs' HVN Mark. Shein misappropriated Plaintiffs' goodwill, and stole Plaintiffs' protected works, because Shein's growth model feeds on a calculated disregard for intellectual property law.

---

[1] D. Lee, *Chinese ecommerce site Shein hit with trademark disputes*, FINANCIAL TIMES (June 13, 2021), *available at* https://on.ft.com/3nsMuWl ("[A] number of brands, big and small, say Shein's success has been helped by 'deliberate and calculated' trademark infringement.").

[2] C. Che & J. Feng, *A look inside Shein, the multibillion dollar retail enigma updending the global fashion industry*, SUPCHINA (Jun. 9, 2021), *available at* https://bit.ly/2ZArZ1Y ("[B]eond the intellectual property infringement lies the most chilling and pressing question surrounding Shein's success story: whether its attractive price tags come at a human cost — namely, child labor, hazardous working environments, and other abusive labor practices.").

**PARTIES**

5.    Plaintiff Ms. Viera-Newton is an individual. She is an entrepreneur, a fashion designer, an artist, and the CEO and sole owner of Plaintiff HVN Clothing, Inc.

6.    Plaintiff HVN is a corporation formed under the laws of the State of New York and doing business at 184 Thompson Street, New York, New York.

7.    Defendant Shein is a corporation formed under the laws of the State of Delaware with its principal executive office at 345 North Baldwin Park Boulevard, City of Industry, California.

8.    According to the Shein website,[3] Defendant Shein "sell[s] products … collect[s] payment and process[es] … returns" for Shein customers in the United States, including customers in this District.

9.    Defendant Shein conducts substantial e-commerce business in New York state and within this District.

10.    Defendant Shein markets, distributes and sells clothing products through websites (including http://www.shein.com) and apps (including the Shein mobile app available on Apple's App Store (for iOS devices) and on the Google Play app store (for Android devices)) that are directed at and intended for commercial use by persons in this District.

11.    Defendant Shein contracted to ship and to supply goods, including the counterfeit goods described in this Complaint, to persons in New York.

12.    Defendant Shein shipped and caused to be shipped thousands of goods, including the counterfeit goods described in this Complaint, to persons in New York.

13.    On information and belief, other persons or entities whose identities are not yet known to Plaintiffs engaged in or contributed to the unlawful conduct alleged in this Complaint. Plaintiffs will seek leave of Court to assert claims against such persons or entities when they become known.

---

[3] https://us.shein.com/Terms-and-Conditions-a-399.html#ps-t1 (Shein U.S. Terms & Conditions (effective date August 1, 2021).)

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction over Plaintiffs' claims under 15 U.S.C. §§ 1121, 1331 and 1338(a) because Plaintiffs' claims arise under the Lanham Act, 15 U.S.C. 1051 *et seq.*, and the Copyright Act, 17 U.S.C. §§ 101 *et seq.*

15.     This Court has pendent jurisdiction over Plaintiffs' state-law claims under 28 U.S.C. § 1338(b) because they are "joined with a substantial and related claim under the copyright … or trademark laws" of the United States.

16.     This Court has supplemental jurisdiction over Plaintiffs' state-law claims under 28 U.S.C. § 1367(a) because they are related to claims within the original jurisdiction of this Court.

17.     Venue is proper under 28 U.S.C. § 1400(a) and under 28 U.S.C. § 1391(b).

18.     This Court has personal jurisdiction over Defendant because it transacts business in New York, including by marketing and offering for sale infringing and counterfeit goods to persons in New York; by contracting to sell infringing and counterfeit goods to persons in New York; by operating interactive websites, apps and social media pages for use by and directed at consumers and other persons in New York; and by shipping infringing and counterfeit goods to investigators, and to Plaintiff's counsel, in New York.

## PLAINTIFFS AND THEIR WELL-KNOWN, PREMIUM APPAREL

19.     Plaintiffs sell goods including high-fashion apparel and accessories throughout the United States and the world both directly to consumers, via e-commerce and retail outlets, and through major third-party retailers.

20.     Plaintiffs' designs and fashions are renowned and coveted by fashionable consumers. HVN apparel has "essentially been the unofficial cool-girl uniform for summer year after year." T. Gonzalez, *Kate Middleton Just Wore the Dress Brand Every Celebrity Secretly Owns*, INSTYLE (July 15, 2020), *available at* https://yhoo.it/3bjmVBp.

21.    Plaintiffs have spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in their products, including products that bear the registered HVN Mark and products that incorporate the registered HVN Cherry Print (as defined below).

22.    The success of Plaintiffs' business is due in large part to Plaintiffs' marketing, promotional, and distribution efforts. These include but are not limited to the advertising and promotion of HVN products through the HVN website entirely dedicated to HVN fashion, www.hvnlabel.com; worldwide print and internet-based advertising and publicity for HVN products; and placement of HVN products at high-end retail outlets.

23.    Plaintiffs' success is also due to their use of high-quality materials and processes in manufacturing HVN products.

24.    Plaintiffs derive substantial success from HVN customers and from the word-of-mouth and social-media buzz generated by customers who respect and admire Plaintiffs and their earned reputations for taste, quality and refinement.

25.    As a result of Plaintiffs' efforts, the quality of Plaintiffs' products, and extensive press and media coverage of Plaintiffs' brand and business, members of the public have become familiar with HVN's products and with the HVN Mark, and they associate them exclusively with Plaintiffs.

26.    Plaintiffs have acquired a valuable reputation and goodwill among the public as a result of associations with HVN products and with the HVN Mark.

27.    Plaintiffs go to great lengths to protect their reputation, intellectual property, and other highly-valuable commercial interests.

28.    No one but Plaintiffs is authorized to manufacture, import, export, advertise, offer for sale or sell HVN products, or any other goods bearing the HVN Mark or incorporating the HVN Cherry Print, without the Plaintiffs' written permission.

## PLAINTIFFS' REGISTERED HVN MARK

29.    HVN has for many years manufactured, distributed, advertised, offered for sale clothing, apparel and related products throughout the United States.

30.    HVN's products have been widely advertised, offered for sale and sold throughout the United States under the distinctive trademark "HVN" — the HVN Mark.

31.    HVN is the owner of the HVN Mark in International Class 25 for clothing and goods including hats, kimonos, pants, robes, scarves, shorts, sleepwear, swimwear, and women's clothing.

32.    The USPTO registered the HVN Mark on July 17, 2018 and assigned it U.S. Reg. No. 5,517,188. A true and correct copy of the registration certificate for the HVN Mark is annexed as Exhibit 1.

33.    As a result of HVN's exclusive and extensive use of the HVN Mark, the HVN Mark has acquired substantial value and recognition in the United States.

34.    The HVN Mark is well-known to the consuming public and trade as identifying HVN, exclusively and uniquely, as the source of origin of the high-quality fashion products to which the HVN Mark is applied.

## PLAINTIFFS' REGISTERED COPYRIGHT IN THE HVN CHERRY PRINT

35.    Plaintiff Harley Viera-Newton is a professional designer and artist who earns her living through, among other things, creative work.

36.     In or about 2016, Ms. Viera-Newton created a unique work of art, intended for use as a fabric pattern, titled HVN Cherry (the "HVN Cherry Print"):



37.     Ms. Viera-Newton registered the HVN Cherry Print with the United States Copyright Office in or about May of 2017.

38.     The Copyright Office registered Ms. Viera-Newton's copyright in the HVN Cherry Print and assigned it Reg. No. VA 2-073-175.

39.     The HVN Mark is incorporated as a distinctive element in the HVN Cherry Print, identifying HVN as the exclusive source of apparel manufactured in the HVN Cherry Print.

40.     Plaintiff HVN Clothing, Inc., with the authority and permission of Ms. Viera-Newton, markets and sells a variety of premium fashions incorporating the HVN Cherry Print, including dresses and gowns (at retail prices from $395 to $975); skirts ($395); bikini tops and bottoms ($160); pajamas ($225); scarves ($195); and jumpsuits ($495).

41.     The HVN Cherry Print has been immensely popular, successful and profitable. Plaintiffs' sales of HVN Cherry Print swimsuits exploded in 2020 after Kendall Jenner and Rihanna

shared images of themselves on Instagram wearing HVN swimsuits in the registered HVN Cherry Print:



Image (Sept. 3, 2020) *via* [Instagram](#)



Image (Dec. 18, 2020) *via* [Instagram](#) (photog. Melissa Forde, [#mtfphotography](#)) *and via* [Vogue](#)

      42.    Other celebrities and fashion icons including Selena Gomez, Margot Robbie, Katy Perry and Rita Ora have been depicted, on Instagram and in the fashion media, wearing HVN fashions including the HVN Cherry Print.

43.    The widespread depiction of the HVN Cherry Print, and of HVN's premium apparel, in paid advertisements and in high-fashion publications and on the web has contributed to HVN's tremendous commercial success.

44.    On information and belief, Defendant or persons acting in concert with Defendant had access to the HVN Cherry Print, and opportunity and commercial motive to counterfeit the HVN Cherry Print without authorization, because of the immense popularity of the HVN Cherry Print on the internet and other media including social media.

45.    Attached as Exhibits 2 through 4 are screenshots of HVN's ecommerce site (www.hvnlabel.com) offering for sale authentic swimsuits and other apparel bearing the HVN Mark and incorporating the HVN Cherry Print.



## DEFENDANT'S INFRINGING CONDUCT

46.     Defendant engaged in the unauthorized importation, distribution and transportation in interstate commerce of goods, including swimsuits, bearing unauthorized reproductions, copies, counterfeits, and colorable imitations of the HVN Mark (the "Counterfeit HVN Goods").

47.     On information and belief, at or around the time that goods bearing the HVN Mark exploded in popularity given their exposure on celebrity social media sites, Defendant and its affiliates and persons acting in concert with Defendant willfully misappropriated and determined to manufacture Counterfeit HVN Goods with intent unlawfully to profit from Plaintiffs' intellectual property and goodwill.

48.     On information and belief, beginning in or around early 2021 and continuing through the present, Defendant caused, contracted and arranged for the transportation or shipping from China to the United States of tens of thousands of Counterfeit HVN Goods.

49.     Defendant's importation, distribution and transportation of the Counterfeit HVN Goods constitutes use in interstate commerce of Counterfeit HVN Goods and is likely to cause confusion and mistake among the consuming public that (i) the Counterfeit HVN Goods originate with Plaintiffs; (ii) there is some affiliation, connection or association between Defendant (and its affiliates) and Plaintiffs; and (iii) the Counterfeit HVN Goods are being offered to the consuming public by Defendant with Plaintiffs' sponsorship or approval.

50.     Defendant imported, distributed and transported Counterfeit HVN Goods knowing that they bore counterfeits of the HVN Mark or willfully ignored that the Counterfeit HVN Goods bore counterfeits of the HVN Mark.

51.     Defendant engaged in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and sponsorship of Counterfeit HVN Goods with intent to gain the benefit of the goodwill associated with the HVN Mark.

52.    Defendant and its affiliates and persons acting in concert with the Defendant offered for sale a counterfeit HVN swimsuit bearing unauthorized reproductions, copies, counterfeits, and colorable imitations of the HVN Mark.

53.    Defendant and its affiliates and persons acting in concert with the Defendant offered for sale a low-quality counterfeit bikini swimsuit bearing the HVN Mark and incorporating the Cherry Print, shown below as depicted and offered for sale on the HVN and Shein websites:





**Authentic HVN Swimsuit**                 **Defendant's Counterfeit Swimsuit**

54.    The Counterfeit HVN Goods offered for sale and sold by Defendant bear exact reproductions of the HVN Mark, shown here on specimens sold by Defendant to an investigator:

 

55.    Thousands of customers have submitted customer reviews of Defendant's Counterfeit HVN Goods on Shein's websites and apps — showing the counterfeit HVN Marks — with many complaining of low quality and poor fit of the Counterfeit HVN Goods. (Images via Shein's website):



56.     The Shein website offers for sale dozens of infringing and counterfeit products, including but not limited to a Cherry Print High Cut Bikini (1323 Shein Customer Reviews); Cherry Print Ruffle Trim Bikini (475 Shein Customer Reviews); Cherry Print Rib Bardot Bikini (64 Shein Customer Reviews); Cherry Print Underwire Tie Side Bikini (9051 Shein Customer Reviews); Bikinx Cherry Tie Side Bikini (2 Shein Customer Reviews); Cherry Print Smocked Underwire Bikini (9051 Shein Customer Reviews); and Allover Cherry Print Night Dress (601 Shein Customer Reviews).

57.     Shein's websites and apps depict and offer for sale, without Plaintiffs' authorization, dozens of Counterfeit HVN Goods, including but not limited to the following:







58.    Attached as Exhibit 5 is a screenshot of Defendant's ecommerce website, www.shein.com, offering for sale Counterfeit HVN Goods, to wit, a counterfeit swimsuit bearing the HVN Mark and the HVN Cherry Print.

59.    Attached as Exhibit 6 is a screenshot of Defendant's ecommerce website, www.shein.com, offering for sale Counterfeit HVN Goods, to wit, a counterfeit swimsuit bearing the HVN Mark and the HVN Cherry Print.

60.    Attached as Exhibit 7 is a screenshot of Defendant's ecommerce website, www.shein.com, offering for sale Counterfeit HVN Goods, to wit, multiple counterfeit swimsuits bearing the HVN Mark and the HVN Cherry Print.

61.    Attached as Exhibit 8 is a screenshot of Defendant's ecommerce app (the "Shein App") offering for sale Counterfeit HVN Goods, to wit, a counterfeit swimsuit bearing the HVN Mark and the HVN Cherry Print.

62.    Attached as Exhibit 9 is a screenshot of the Shein App offering for sale Counterfeit HVN Goods, to wit, a counterfeit swimsuit bearing the HVN Mark and the HVN Cherry Print.

63.    Defendant's bikini swimsuits retail for less than $20.

64.    Plaintiff's bikini swimsuits retail for $170.

65.    Upon information and belief, formed based on the tens of thousands of reviews of Counterfeit HVN Products posted by Defendant's customers to the Shein website and app, Defendant has sold and imported hundreds of thousands of Counterfeit HVN Goods.

66.    Defendant's conduct is devastating to HVN's reputation and goodwill. HVN creates, markets and sells high-quality, high-fashion apparel; Defendant's Counterfeit HVN Goods are unauthorized, low-quality and mass-market.

67.    By flooding the market with cheap and plentiful counterfeit goods, Defendant is irreparably harming Plaintiffs' reputation and goodwill, infringing the HVN Mark, and engaging in unfair competition.

68.     Defendant has also knowingly created a fictitious association with Plaintiffs by misappropriating the HVN Mark and the HVN Cherry Print to sell, and to offer for sale, Counterfeit HVN Goods.

69.     HVN is irreparably harmed by the false association with Shein, a notorious counterfeiter and reported employer of substandard and child labor.

70.     The Defendant's conduct is part of a willful and deliberate scheme to engage in an unlawful — but reportedly highly profitable — business by trading on the extensive customer goodwill, reputation, fame and commercial success of Plaintiffs' products.

71.     Defendant's conduct is willful and deliberate because — as is widely reported in the press — Shein's very business model is built on infringement.

72.     "Shein is seemingly willing to replicate lookalike versions of other brands' marks and designs … ." *From Dr. Martens to Ralph Lauren, Lawsuits are Starting to Build for $15 Billion Ultra-Fast Fashion Brand Shein*, THE FASHION LAW (June 15, 2021), *available at* https://bit.ly/2ZEaiyz. In other words, and as the Financial Times reports, "Shein's success has been helped by 'deliberate and calculated' trademark infringement," and by "a pattern of intellectual property theft involving smaller brands" like HVN. D. Lee, *Chinese ecommerce site Shein hit with trademark disputes*, FINANCIAL TIMES (June 13, 2021), *available at* https://on.ft.com/3nsMuWl.

## COUNT I: TRADEMARK COUNTERFEITING
### 15 U.S.C. § 1114

73.     Plaintiffs reallege each and every allegation set forth in the preceding paragraphs as if more fully set forth herein.

74.     Defendant has used spurious marks that are identical or substantially indistinguishable from the HVN Mark.

75.     Defendant is intentionally and willfully using these spurious marks, or acting with willful blindness, knowing they are counterfeit, in connection with the transportation, importation, distribution and offer for sale of the Counterfeit HVN Goods for its own financial gain.

76.     Defendant's unauthorized use of the HVN Mark is likely to cause confusion, deception and mistake among the consuming public and industry as to the source, approval, or sponsorship of the Counterfeit HVN Goods and other products bearing counterfeit and infringing HVN Mark. Accordingly, Defendant has engaged in trademark counterfeiting in violation of 15 U.S.C. § 1114.

77.     As a direct and proximate result of the foregoing acts, Plaintiffs have been damaged and have suffered, and will continue to suffer significant damages, in an amount to be determined at trial.

78.     Defendant's acts entitle Plaintiffs to damages for all of Defendant's profits derived from its past unlawful conduct, trebled to the full extent provided under 15 U.S.C. §§ 1117(a) and (b), or in the alternative to statutory damages under 15 U.S.C. § 1117(c).

79.     Defendant's actions have caused and — unless enjoined by this Court — will continue to cause irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law. Plaintiffs are therefore entitled to a permanent injunction enjoining and restraining Defendant from use of the registered HVN Mark or any other mark that is confusingly similar thereto.

## COUNT II: COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 106

80.     Plaintiffs reallege each and every allegation set forth in the preceding paragraphs as if more fully set forth herein.

81.     Defendant infringed Plaintiff's copyright in the HVN Cherry Print by reproducing, copying, and distributing for commercial sale goods, including Counterfeit HVN Goods, bearing the HVN Cherry Print.

82.     Defendant infringed Plaintiff's copyright in the HVN Cherry Print by reproducing and publicly displaying the HVN Cherry Print on its commercial website(s) and app(s).

83.     Defendant is not and has never been licensed to reproduce, display, distribute or use the HVN Cherry Print.

84.     Defendant's conduct constitutes infringement of Plaintiff's copyright and other

exclusive rights in violation of the Copyright Act.

85.     As a direct and proximate result of the foregoing acts, Plaintiffs have been damaged and have suffered, and will continue to suffer significant damages, in an amount to be determined at trial.

86.     Defendant's knowing and intentional copyright infringement has caused and — unless enjoined by this Court — will continue to cause irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law. Plaintiffs are therefore entitled to a permanent injunction enjoining and restraining Defendant from use, display or copying of the HVN Cherry Print or any other substantially similar work derivative of the HVN Cherry Print.

### COUNT III:   INFRINGEMENT OF REGISTERED TRADEMARK
### 15 U.S.C. § 1114

87.     Plaintiffs reallege each and every allegation set forth in the preceding paragraphs as if more fully set forth herein.

88.     Defendant is intentionally and willfully, or acting with willful blindness, using counterfeits, reproductions, copies, or colorable imitations of the HVN Mark in connection with the transportation, importation, distribution and offer for sale of Counterfeit HVN Goods for its own financial gain.

89.     Defendant's use of the HVN Mark, without Plaintiffs' consent, constitutes trademark infringement in violation of 15 U.S.C. § 1114, in that, among other things, such use is likely to cause confusion, deception, and mistake among the consuming public and industry as to the source, approval or sponsorship of the Counterfeit HVN Goods.

90.     As a direct and proximate result of the foregoing acts, Plaintiffs have been damaged and have suffered, and will continue to suffer significant damages, in an amount to be determined at trial.

91.     Defendant's acts entitle Plaintiffs to damages for all of Defendant's profits derived from its past unlawful conduct, trebled to the full extent provided under 15 U.S.C. §§ 1117(a) and (b), or in the alternative to statutory damages under 15 U.S.C. § 1117(c).

92.     Defendant's actions have caused and — unless enjoined by this Court — will continue to cause irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law. Plaintiffs are therefore entitled to a permanent injunction enjoining and restraining Defendant from use of the registered HVN Mark or any other mark that is confusingly similar thereto.

### COUNT IV:    FALSE DESIGNATION OF ORIGIN
### 15 U.S.C. § 1125(a)

93.     Plaintiffs reallege each and every allegation set forth in the preceding paragraphs as if more fully set forth herein.

94.     Defendant's willful and unauthorized use of the HVN Mark, as alleged herein, constitutes the use of false or misleading designations of origin and the making of false or misleading representations of fact in violation of 15 U.S.C. § 1125(a), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and industry as to the source, approval, or sponsorship of the Counterfeit HVN Goods imported and distributed by Defendant for its own financial gain.

95.     As a direct and proximate result of the foregoing acts, Plaintiffs have been damaged and have suffered, and will continue to suffer, significant damages, in an amount to be determined at trial.

96.     Defendant's acts entitle Plaintiffs to damages for all of Defendant's profits derived from its past unlawful conduct, trebled to the full extent provided under 15 U.S.C. §§ 1117(a) and (b), or in the alternative to statutory damages under 15 U.S.C. § 1117(c).

97.     Defendant's actions have caused and — unless enjoined by this Court — will continue to cause irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law. Plaintiffs

are therefore entitled to a permanent injunction enjoining and restraining Defendant from use of the registered HVN Mark or any other mark that is confusingly similar thereto.

### COUNT V:    IMPORTATION OF GOODS BEARING INFRINGING MARKS
### 15 U.S.C. § 1124

98.     Plaintiffs reallege each and every allegation set forth in the preceding paragraphs as if more fully set forth herein.

99.     Defendant intentionally and willfully imported, and materially contributed to the importation of, the Counterfeit HVN Goods bearing unauthorized reproductions, counterfeits, copies and colorable imitations of the HVN Marks in violation of 15 U.S.C. § 1124.

100.     Defendant's use of the HVN Mark, without Plaintiffs' consent, is likely to cause confusion, deception, and mistake among the consuming public and industry as to the source, approval or sponsorship of the Counterfeit HVN Goods.

101.     Defendant has realized gains and profits from the importation and assisting in the importation of the Counterfeit HVN Goods bearing unauthorized reproductions, counterfeits, copies and colorable imitations of the HVN Mark.

102.     As a direct and proximate result of the foregoing acts, Plaintiffs have been damaged and have suffered, and will continue to suffer significant damages, in an amount to be determined at trial.

103.     Defendant's acts entitle Plaintiffs to damages for all of Defendant's profits derived from its past unlawful conduct, trebled to the full extent provided under 15 U.S.C. §§ 1117(a) and (b), or in the alternative to statutory damages under 15 U.S.C. § 1117(c).

104.     Defendant's actions have caused and — unless enjoined by this Court — will continue to cause irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law. Plaintiffs are therefore entitled to a permanent injunction enjoining and restraining Defendant from use and importation of the registered HVN Mark or any other mark that is confusingly similar thereto.

## COUNT VI:  TRADEMARK INFRINGEMENT
### New York Common Law

105.    Plaintiffs reallege each and every allegation set forth in the preceding paragraphs as if more fully set forth herein.

106.    Defendant is intentionally and willfully using counterfeits, reproductions, copies or colorable imitations of the HVN Mark in connection with the sale, offering for sale, distribution or advertising of Counterfeit HVN Goods for its own financial gain.

107.    Defendant's use of the HVN Mark, without Plaintiffs' consent, constitutes trademark infringement in violation of New York common law, in that, among other things, such use is likely to cause confusion, deception, and mistake among the consuming public and industry as to the source, approval or sponsorship of the Counterfeit HVN Goods.

108.    As a direct and proximate result of the foregoing acts, Plaintiffs have been damaged and have suffered, and will continue to suffer significant damages in an amount to be determined at trial. Defendant's acts entitle Plaintiffs to damages that will fairly and adequately compensate Plaintiffs for losses suffered and for all of Defendant's profits derived from its unlawful conduct. HVN is also entitled to reasonable attorney's fees.

109.    Defendant's actions have caused and — unless enjoined by this Court — will continue to cause irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law. Plaintiffs are therefore entitled to a permanent injunction enjoining and restraining Defendant from use and importation of the registered HVN Mark or any other mark that is confusingly similar thereto.

## COUNT VII:  UNFAIR COMPETITION
### New York Common Law

110.    Plaintiffs reallege each and every allegation set forth in the preceding paragraphs as if more fully set forth herein.

111.    With knowledge and constructive knowledge of Plaintiff's exclusive rights in the HVN Cherry Print and the HVN Mark, Defendant intended to and did misappropriate Plaintiffs' labors and

expenditures in creating the HVN Cherry Print and investment in and exclusive use of the HVN Mark by facilitating the transportation, importation and distribution of the Counterfeit HVN Goods for Defendant's own financial gain.

112.    Defendant's use of the HVN Cherry Print and the HVN Mark, without Plaintiffs' consent, is likely to cause confusion, deception, and mistake among the consuming public and industry as to the source, approval or sponsorship of the Counterfeit HVN Goods. Accordingly, Defendant has engaged in unfair competition in violation of New York common law.

113.    Defendant engaged in these acts with bad faith intent to profit from the name, goodwill, and strong brand recognition associated with Plaintiffs, with the HVN Cherry Print, and with the HVN Mark.

114.    As a direct and proximate result of the foregoing acts, Plaintiffs have been damaged and have suffered, and will continue to suffer, significant damages in an amount to be determined at trial. Defendant's acts entitle Plaintiffs to damages that will fairly and adequately compensate Plaintiffs for losses suffered and for all of Defendant's profits derived from its unlawful conduct. HVN is also entitled to reasonable attorney's fees.

115.    Defendant's conduct was knowing, intentional, and in reckless disregard of Plaintiff's exclusive rights in the Cherry Print and the HVN Mark. Pursuant to New York common law, Plaintiffs are therefore entitled to an award of punitive damages in an amount to be determined at trial. Plaintiffs are also entitled to a permanent injunction enjoining and restraining Defendant and all persons acting in concert with Defendant from use of the Cherry Print and the HVN Mark or any other works or marks that are confusingly similar thereto.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1.    For an award of Defendants' profits and Plaintiffs' damages pursuant to 15 U.S.C. § 1117(a), enhanced discretionary damages under 15 U.S.C. 1117(a)(3) and treble damages in the amount of a sum equal to three (3) times such profits or damages,

whichever is greater, pursuant to 15 U.S.C. § 1117(b) for willfully and intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark;

2.  In the alternative to Defendant's profits and Plaintiffs' actual damages, enhanced discretionary damages and treble damages for willful use of a counterfeit mark in connection with the sale, offering for sale or distribution of goods or services, for statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale or distributed, as the Court considers just, as Plaintiffs may elect prior to final judgment;

3.  For an award of Defendant's profits and Plaintiff's damages in an amount to be proven at trial for willful trademark infringement of the registered HVN Mark, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

4.  For an award of Defendant's profits and Plaintiff's damages in an amount to be proven at trial for willful trademark infringement of the registered HVN Mark, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

5.  For an award of Plaintiffs' actual damages and Defendant's profits, pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial for willful copyright infringement of the HVN Cherry Print under 17 U.S.C. § 501(a);

6.  In the alternative to Plaintiffs' actual damages and Defendant's profits for copyright infringement of the HVN Cherry Print pursuant to 17 U.S.C. § 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 USC § 504(c) for willful copyright infringement, which Plaintiffs may elect prior to final judgment;

7.  For an award of damages to be proven at trial for trademark infringement and unfair competition under New York common law;

8.  For a temporary, preliminary and permanent injunction by this Court enjoining and prohibiting Defendant, or its agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns and entities owned or controlled by Defendant, and all those in active concert or participation with Defendant, and each of them who receives notice directly or indirectly of such injunction from:

    a    manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and otherwise dealing in infringing or counterfeit products including the Counterfeit HVN Goods;

    b    manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and otherwise dealing in infringing or counterfeit products including the Counterfeit HVN Goods;

c       using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the HVN Mark and HVN Cherry Print to identify any goods or services not authorized by Plaintiffs;

d       using any of Plaintiffs' trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the HVN Mark or the HVN Cherry Print, or any other marks or artwork that are confusingly or substantially similar to the HVN Mark or the HVN Cherry Print on or in connection with Defendant's manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and otherwise dealing in infringing or counterfeit products including the Counterfeit HVN Goods;

e       using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and to deceive members of the trade and the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendant with Plaintiffs, and as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendant and Defendant's commercial activities by Plaintiffs;

f       engaging in the unlawful, unfair or fraudulent business acts or practices, including, without limitation, the actions described herein, including the of advertising and dealing in any infringing or counterfeit products including the Counterfeit HVN Goods;

g       engaging in any other actions that constitute unfair competition with Plaintiffs;

h       secreting, destroying, altering, removing, or otherwise dealing with the Counterfeit HVN Goods or any books or records that contain any information relating to manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and otherwise dealing in the infringing or counterfeit products including the Counterfeit HVN Goods;

i       from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and dealing with: (i) Counterfeit HVN Goods; (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendant's websites or apps or any money, securities or other property or assets of Defendant (whether said assets are located in the U.S. or abroad) ("Defendant's Assets") from or to financial accounts

associated with or utilized by Defendant in the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and sale of infringing or counterfeit products including the Counterfeit HVN Goods;

j    from secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of Defendant's Assets from any financial account until further ordered by this Court;

k    effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any final judgment or order in this action;

l    instructing, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in the foregoing subparagraphs.

9.    For an order of the Court requiring that Defendant recall from any distributors and retailers and deliver up to Plaintiffs for destruction any infringing or counterfeit products including the Counterfeit HVN Goods and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe any of Plaintiffs' trademarks, copyrights or other rights including, without limitation, the HVN Mark or the HVN Cherry Print, or bear any marks or incorporate any works that are confusingly or substantially similar to the HVN Mark or the HVN Cherry Print;

10.    For an order of the Court requiring that Defendant deliver up for destruction to Plaintiffs any infringing or counterfeit products including the Counterfeit HVN Goods and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defendant that infringe any of Plaintiffs' trademarks, copyrights or other rights including, without limitation, the HVN Mark or the HVN Cherry Print, or bear any marks or incorporate any works that are confusingly or substantially similar to the HVN Mark or the HVN Cherry Print, pursuant to 15 U.S.C. § 1118;

11.    For an order of the Court requiring that Defendant provide complete accountings for any and all monies, profits, gains and advantages derived by Defendant from its manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and otherwise dealing in the infringing or counterfeit products including the Counterfeit HVN Goods, including prejudgment interest;

12.    For an order of the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendant's possession which rightfully belong to Plaintiffs;

13.    For an award of exemplary or punitive damages in an amount to be determined by the Court;

14.    For Plaintiffs' reasonable attorneys' fees;

15.    For all costs of suit; and

16.    For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands trial by jury on all issues so triable in accordance with Fed. R. Civ. P. 38.

Dated:    October 29, 2021    MULLEN P.C.
          New York, NY

          By:    Wesley M. Mullen (WM1212)
                 200 Park Avenue, Ste. 1700
                 New York, NY 10166
                 wmullen@mullenpc.com
                 (646) 632-3718

                 *Attorney for Plaintiffs*
                 *Harley Viera-Newton and*
                 *HVN Clothing, Inc.*