USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/17/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
     :
HVN CLOTHING, INC. AND HARLEY VIERA-NEWTON  :
     :
     :  1:21-cv-8852-GHW
     Plaintiffs,  :
     :  ORDER
  -against-  :
     :
SHEIN DISTRIBUTION CORP.,  :
     :
     Defendant.  :
     :
-------------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

On November 17, 2021, the Court held a hearing in response to Plaintiffs' emergency motion for a temporary restraining order and preliminary injunction. For the reasons that follow, and as described by the Court on the record, Plaintiffs' motion for a preliminary injunction is granted.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Having reviewed all the evidence submitted by the parties, the Court makes the following findings of fact:

1. Harley Viera-Newton is an individual and a fashion designer.

2. HVN Clothing, Inc. ("HVN") is a corporation owned by Ms. Viera-Newton.

3. Plaintiffs design, manufacture and sell clothing and apparel.

4. HVN is the owner of U.S. Trademark Registration No. 5,517,188 for the mark "HVN" in Class 25, which covers hats, kimonos, pants, robes, scarves, shorts, sleepwear, swimwear, and women's clothing, namely shirts, dresses, skirts, and blouses (the "HVN Mark").

5. HVN manufactures, markets, offers for sale and sells apparel bearing the HVN Mark.

1

6. Ms. Viera-Newton is the owner of a registered copyright (the "HVN Cherry Print"), which was assigned U.S. Copyright Registration No. VA0002073125.

7. HVN manufactures, markets, offers for sale and sells apparel incorporating the HVN Cherry Print.

8. Defendant displayed, offered for sale and/or sold products that bear the HVN Mark and the HVN Cherry Print, including through the e-commerce website shein.com.

9. Defendant is not, nor has it ever been, an authorized distributor or licensee of goods bearing the HVN Mark or incorporating the HVN Cherry Print; and neither the Plaintiffs nor any authorized agent of the Plaintiffs have consented to the Defendant's use of the HVN Mark or the HVN Cherry Print.

For the reasons stated on the record, the Court finds that Plaintiffs have shown a likelihood of success on the merits and that they will suffer irreparable harm absent an injunction. Plaintiffs are likely to prevail at trial on claims under the Lanham Act and the Copyright Act because Defendant has sold counterfeit versions of the HVN Mark and sold apparel that copies the HVN Cherry Print.

As described on the record, Plaintiffs have shown that as a result of Defendant's conduct, they are likely to suffer irreparable harm unless a temporary restraining order is entered, because (a) Defendant has offered for sale and sold substandard counterfeit HVN goods that infringe Plaintiffs' trademark rights and copyright and (b) Plaintiff has demonstrated a well-founded fear that, unless Defendant's conduct is enjoined, additional counterfeit products may appear in the marketplace, and that consumers will be misled, confused and disappointed by the low quality of those counterfeit products, resulting in injury to Plaintiffs' reputation.

**ORDER**

IT IS HEREBY ORDERED, sufficient cause being shown, that Defendant and its officers, agents, servants, employees, attorneys and all other persons who are in active concert or participation with Defendant, are hereby restrained and enjoyed from engaging in any of the following acts or omissions pending the entry of a final judgment in this action or a further order of the Court:

a) Using the registered HVN Mark for or in connection with the manufacture, distribution, advertising, promotion, offering for sale or sale of hats, kimonos, pants, robes, scarves, shorts, sleepwear, swimwear or women's clothing, namely shirts, dresses, skirts and blouses.

b) Using, displaying, reproducing or copying the copyrighted HVN Cherry Print design on, or in connection with the manufacture, distribution, advertising, promotion, offering for sale, or sale of any goods.

IT IS FURTHER ORDERED, sufficient cause being shown, that pursuant to 15 U.S.C. § 1116(a), within thirty days after the service on the defendant of this Order, the defendant shall serve on the plaintiffs and file with the Court a report in writing under oath setting forth in detail the manner and form in which the defendant has complied with this Order.

IT IS FURTHER ORDERED that Plaintiffs shall place security (in the form of a surety bond, cash, certified check, or attorney's check) in the amount of ten thousand dollars ($10,000.00) with the Court, which amount is determined adequate for the payment of damages that any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

The Clerk of Court is directed to terminate the motion currently pending at Dkt. No. 11

SO ORDERED.

Date: November 17, 2021
New York, NY

_____
GREGORY H. WOODS
United States District Judge