WESLEY M. MULLEN

MULLEN P.C.

THE METLIFE BUILDING
200 PARK AVENUE | SUITE 1700
NEW YORK, NY 10166

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  4/18/2022
```

March 31, 2021

Hon. Katherine H. Parker
United States Magistrate Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

> Based on the information provided, the Court does not find that the proposed redactions contain commercially sensitive business information. Therefore, this information is not confidential.

VIA CM/ECF

SO ORDERED:

*Katherine H. Parker*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE
4/18/2022

Re:   HVN Clothing, Inc. et ano. v. Shein Dist. Corp., No. 21 CV 8852

Your Honor,

I am counsel to the Plaintiffs. I write pursuant to Rule III.d of the Court's Individual Practices, and with the consent of the Defendant, to request the Court's permission to file Plaintiff's forthcoming First Amended Complaint under seal, with a public version filed in redacted form, based on Defendant's designation of information as Confidential pursuant to the Protective Order in this case. (ECF Doc. 43.)

This pleading contains information disclosed by Defendant during the March 22, 2022 deposition of its corporate designee. Pursuant to Paragraph 3(B) of the Protective Order (ECF Doc. 43), that transcript was deemed Highly Confidential – Attorney's Eyes Only for 14 days after receipt of the final transcript, and Counsel for the Defendant further designated the transcript of that testimony Confidential on the record. The 14-day time period to specify which portions of the transcript will remain Confidential has not yet expired. (*See* Protective Order (ECF Doc. 43) at ¶ 3(B).)

Counsel for the parties conferred in good faith to address the need to balance the "presumption of public access" to pleadings, *see Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 139 (2d Cir. 2016), against the parties' rights and obligations to protect against disclosure of information designated Confidential pursuant to the Protective Order, (*see* ECF Doc. 43). The parties thus agreed jointly to request that information in the First Amended Complaint that is derived from the testimony of the Defendant, and designated Confidential by the Defendant's counsel, be redacted from the Plaintiff's First Amended Complaint.

Defendant contends that, pending Defendant's review during the 14-day window under the Protective Order, the redacted information reflects Defendant's commercially sensitive business information such as specific corporate relationships between Defendant and affiliated entities and the functions allegedly performed by each, the disclosure of which may result in competitive injury. Defendant further contends that the interest to be protected by filing under seal therefore outweighs the presumption of public access, and that the proposed redactions are narrowly tailored to information only implicating these interests and thus will not hurt the public's confidence in the Court's administration of justice. *See Stegmann ex rel. Covetrus, Inc. v. Wolin*, 21-CV-1717 (GRB), 2021 WL 1838219, at *2 (E.D.N.Y. May 7, 2021) (collecting cases).

WMULLEN@MULLENPC.COM | (646) 632-3718

The parties' request to file Plaintiff's First Amended Complaint under seal is without prejudice to the Defendant's right to withdraw its confidentiality designations, and without prejudice to the Plaintiff's right to challenge those designations under the Protective Order or otherwise.

Pursuant to the Court's Individual Practices, Plaintiffs will file today a copy of the First Amended Complaint with proposed redactions, as well as an unredacted copy (under seal) with the proposed redactions highlighted.

We thank the Court for its attention to this matter.

Respectfully,

Wesley M. Mullen